**2015 UT App 305**

## THE UTAH COURT OF APPEALS

AMERICAN EXPRESS BANK,
Appellant,
*v.*
PATRICIA RANDALL,
Appellee.

DEPARTMENT OF WORKFORCE SERVICES,
Non-party State Agency.

Opinion
No. 20140362-CA
Filed December 24, 2015

Second District Court, Farmington Department
The Honorable David M. Connors
No. 129704389

Gregory M. Constantino, Attorney for Appellant[1]

SENIOR JUDGE RUSSELL W. BENCH authored this Opinion, in which
JUDGES GREGORY K. ORME and MICHELE M. CHRISTIANSEN
concurred.[2]

BENCH, Senior Judge:

¶1      American Express Bank (Amex) appeals the district
court's decision denying Amex access to certain employment

---

1. The Appellee and the Department of Workforce Services did
not file briefs in this matter and did not otherwise participate on
appeal.

2. The Honorable Russell W. Bench, Senior Judge, sat by special
assignment as authorized by law. *See generally* Utah R. Jud.
Admin. 11-201(6).

records held by the Department of Workforce Services (the Department). We reverse and remand.

BACKGROUND

¶2     Amex obtained a default judgment against Patricia Randall in the amount of $33,307.44, plus post-judgment interest. The awarded amount represents the past-due balance on Randall's account with Amex, accrued interest, and court costs. In its efforts to collect on the judgment through garnishment proceedings, Amex sought access to Randall's employment records from the Department pursuant to Utah Code section 35A-4-314. Randall did not oppose Amex's motion, but the Department did. The Department's opposition was based entirely on its assertion that "federal regulations require [it] to 'diligently pursue' a motion to oppose every compulsory process for employment records." (Quoting 20 C.F.R. § 603.7.) After holding a hearing on the matter, the district court denied Amex's motion on the basis that section 35A-4-314 requires compliance with the Utah Rules of Civil Procedure and that Amex failed to satisfy "its burden under the applicable Rules of Civil Procedure" by demonstrating the efforts "it had made to obtain the requested information directly from [Randall] or from other available source[s], rather than in the first instance from the [Department]." Amex appeals.

ISSUE AND STANDARD OF REVIEW

¶3     Amex argues that the district court misinterpreted Utah Code section 35A-4-314. "A matter of statutory interpretation [is] a question of law that we review on appeal for correctness." *MacFarlane v. Utah State Tax Comm'n*, 2006 UT 25, ¶ 9, 134 P.3d 1116 (alteration in original) (citation and internal quotation marks omitted).

ANALYSIS

¶4    Amex argues that the district court is limited to denying its motion on the grounds raised by the Department—that federal regulations required it to oppose Amex's request and that the "good cause" standard from the Government Records Access and Management Act (GRAMA) applies here—and that the Department's arguments are without merit. Further, Amex argues that the district court misinterpreted section 35A-4-314 by reading into the statute the proportionality and relevance requirements of rule 26 of the Utah Rules of Civil Procedure and by sua sponte relying on rule 26 to deny its request. We address each argument in turn.

I. The Federal Regulation

¶5    Utah Code section 35A-4-314 creates a procedure by which creditors can obtain certain information from the Department after obtaining a judgment against a debtor. *See* Utah Code Ann. § 35A-4-314(1) (LexisNexis Supp. 2014). The statute states, in relevant part,

> A court shall grant an order to disclose the [name and address of the last known employer of the debtor] if, under the applicable Utah Rules of Civil Procedure:
>
> (i) the judgment creditor files a motion with the court, which includes a copy of the judgment, and serves a copy of the motion to the judgment debtor and the division;
>
> (ii) the judgment debtor and the division have the opportunity to respond to the motion; and

> (iii) the court denies or overrules any objection to disclosure in the judgment debtor's and the division's response.

*Id.* § 35A-4-314(2)(a).

¶6    There is no dispute that Amex complied with parts (2)(a)(i) and (2)(a)(ii) of the statute. Thus, the only question before the district court was whether to overrule the Department's objection. *See id*. § 35A-4-314(2)(a)(iii). The Department's objection was based solely on its understanding that under 20 C.F.R. section 603.7(a), it was required to "diligently pursue" an objection. The Department offered no substantive objection to Amex's motion in its written opposition, even though section 35A-4-314 specifies grounds on which the agency may successfully defeat a motion like Amex's—i.e., if the agency establishes "that disclosure will have a negative effect on: (i) the willingness of employers to report wage and employment information; or (ii) the willingness of individuals to file claims for unemployment benefits." *See id*. § 35A-4-314(2)(b).

¶7    The federal regulation underlying the Department's objection does require an agency to object to requests like Amex's. It states, in relevant part,

> [W]hen a subpoena or other compulsory process is served upon a State [unemployment compensation] agency . . . which requires the production of confidential . . . information . . . , [the] agency . . . must file and *diligently pursue* a motion to quash the subpoena or other compulsory process if other means of avoiding the disclosure of confidential . . . information are not successful or if the court has not already ruled on the disclosure. Only if such motion is denied by the court or other forum may the requested confidential . . . information be disclosed . . . .

20 C.F.R. § 603.7(a) (2015) (emphasis added). The federal regulation also provides that "disclosure is permissible, where . . . a subpoena or other compulsory legal process has been served and a court has previously issued a binding precedential decision that requires disclosures of this type, or a well-established pattern of prior court decisions have required disclosures of this type." *Id*. § 603.7(b)(1); *see also id*. § 603.5(h) (providing that disclosure of confidential employment information "is permissible" "in response to a court order").

¶8   By way of this language, the federal regulation "anticipate[s] discovery" of this type of protected information, "specifically providing that when the information is sought with a court-ordered subpoena in accordance with [a] state's law, the subpoena must be granted." *See Kelley v. Billings Clinic*, No. CV 12-74-BLG-SEH-CSO, 2013 WL 2422705, at *2 (D. Mont. June 3, 2013). By enacting section 35A-4-314, the Utah Legislature contemplated "that there would be persons to whom disclosure [of confidential employment information] would be appropriate." *See id*. at *4. Indeed, our legislature stated its intent in the enacted bill: "This bill allows certain employment records to be disclosed by the Unemployment Insurance Division to a creditor, if the creditor obtains a court order . . . ." Act of May 14, 2013, ch. 473, 2013 Utah Laws 2749, 2749 (S.B. 281).

¶9   Additionally, "[b]y filing no reply brief, the Department has not attempted to refute the arguments presented" on appeal by Amex. *See Kelley*, 2013 WL 2422705, at *4. The Department has offered no reason why disclosure of the requested information would "have a negative effect on . . . the willingness of employers to report wage and employment information . . . [or] the willingness of individuals to file claims for unemployment benefits." *See* Utah Code Ann. § 35A-4-314(2)(b). Moreover, despite the fact that the confidentiality of this information is meant to protect Randall, she did not oppose Amex's motion. *See id.* Thus, 20 C.F.R. section 603.7 does not, in and of itself, provide

a sufficient basis for the district court to deny Amex's otherwise proper motion under Utah Code section 35A-4-314.

## II. GRAMA

¶10 During the hearing before the district court, the Department argued that section 35A-4-314 should be construed to include a "good cause" standard, akin to the standard applied under GRAMA, which balances the need for confidentiality against the needs of the public to access information. *See generally* Utah Code Ann. § 63G-2-301 (LexisNexis 2014). "In undertaking statutory construction, [w]e look first to the plain language of a statute to determine its meaning. Only when there is ambiguity do we look further. Moreover, [w]hen examining the plain language, we must assume that each term included in the [statute] was used advisedly." *MacFarlane v. Utah State Tax Comm'n*, 2006 UT 25, ¶ 12, 134 P.3d 1116 (alterations in original) (citations and internal quotation marks omitted).

¶11 We readily reject the Department's GRAMA argument in light of the specific language in section 35A-4-314 that the "requirements of [GRAMA] Subsection 63G-2-202(7) and Section 63G-2-207 do not apply to information sought through a court order as described in this section." *See* Utah Code Ann. § 35A-4-314(2)(c) (LexisNexis Supp. 2014); *see also id.* § 63G-2-202(7) (2014) (describing when "[a] governmental entity shall disclose a record pursuant to the terms of a court order"); *id.* § 63G-2-207(1) ("Subpoenas and other methods of discovery under the state or federal statutes or rules of civil, criminal, administrative, or legislative procedure are not written requests under [GRAMA]."). This language clearly indicates the legislature's intent that GRAMA not apply in this context. Accordingly, the "good cause" standard from GRAMA does not apply to Amex's request under section 35A-4-314.

### III. Rule 26

¶12 Last, Amex challenges the district court's reliance on rule 26 of the Utah Rules of Civil Procedure as a basis to deny its request. The district court relied on language in section 35A-4-314(2)(a) that references our rules of civil procedure. As stated above, the relevant portion of the statute provides,

> A court shall grant an order to disclose the information described in Subsection (1) if, *under the applicable Utah Rules of Civil Procedure*:
>
> (i) the judgment creditor files a motion with the court, which includes a copy of the judgment, and serves a copy of the motion to the judgment debtor and the division;
>
> (ii) the judgment debtor and the division have the opportunity to respond to the motion; and
>
> (iii) the court denies or overrules any objection to disclosure in the judgment debtor's and the division's response.

*Id.* § 35A-4-314(2)(a) (Supp. 2014) (emphasis added). The district court relied on the emphasized text when it likened Amex's motion to a "disputed discovery request" and attributed to Amex the "burden of showing proportionality and relevance" under rule 26.[3] *See generally* Utah R. Civ. P. 26(b)(3) ("The party seeking discovery always has the burden of showing proportionality and relevance."). Amex argues "that the Rules of

---

3. Because we conclude that rule 26 has no bearing in this context, we do not address the propriety of the district court raising the rule sua sponte.

Civil Procedure which are 'applicable' are those Rules necessary to effectuate post judgment motions."

¶13   The plain language of the statute requires the judgment creditor to, inter alia, file a motion with the court, serve the debtor, and await the debtor's and agency's response in accordance with the rules of procedure "applicable" to this type of motion practice. *See* Utah Code Ann. § 35A-4-314(2)(a); *see also MacFarlane*, 2006 UT 25, ¶ 12 (instructing that we first consider the plain language of a statute to determine its meaning). The statute does not implicate *all* of the Utah Rules of Civil Procedure. The pretrial discovery rules, including the specific proportionality and relevance requirements relied on by the district court, are not applicable under section 35A-4-314(2)(a). Furthermore, the statute imposes various data safeguards and security measures on a judgment creditor's access to and use of confidential information, obviating the need to also impose rule 26's proportionality and relevance requirements in this context. *See* Utah Code Ann. § 35A-4-314(3)–(7). Accordingly, the district court erred in relying on rule 26 to deny Amex's motion.

## CONCLUSION

¶14   The district court erred in applying rule 26 to Amex's motion and in denying the motion on that basis. The Department did not offer a substantive objection under section 35A-4-314 on the basis of which the district court may have legitimately denied Amex's motion, and there is no dispute that Amex's motion otherwise complied with section 35A-4-314. Accordingly, we reverse the district court's ruling and remand for further proceedings in accordance with this opinion.

———————